**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DARREN BEDWELL**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMES D. MINNICH, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 01A02-1305-CR-466 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ADAMS SUPERIOR COURT
The Honorable Patrick R. Miller, Judge
Cause No. 01D01-1101-FD-3

**November 8, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

James Minnich appeals his conviction for operating a vehicle with an alcohol concentration equivalent ("ACE") of at least .15 gram of alcohol per 210 liters of breath, as a Class D felony, following a jury trial. He presents a single issue for our review, namely, whether the trial court committed fundamental error when it did not instruct the jury regarding a rebuttable presumption created by Indiana Code Section 9-30-6-15(b).

We affirm.

## FACTS AND PROCEDURAL HISTORY

On January 14, 2011, at approximately noon, Minnich was driving on U.S. Highway 27 in Adams County when he collided with a dump truck. A short time later, Geneva Police Department Officer Bradley Schwartz came upon the scene of the collision and found Minnich in the driver's seat of his SUV. When Officer Schwartz approached Minnich to talk to him, he smelled an odor of an alcoholic beverage emanating from Minnich. Officer Schwartz asked Minnich whether he had been drinking, and Minnich responded that he had "had a few snorts" at home before he had left in his SUV. Transcript at 197. Officer Schwartz observed that Minnich had bloodshot and watery eyes.

Geneva Police Department Officer Robert Johnson and Adams County Sheriff's Deputy David Gaunt arrived at the scene to assist Officer Schwartz. The officers and deputy observed two opened bottles in the rear passenger area of Minnich's SUV, and they confirmed that those bottles contained an alcoholic beverage. Deputy Gaunt then transported Minnich to the county jail, where, at 1:45 p.m., Minnich submitted to a

2

chemical breath test, which registered .21 gram of alcohol per 210 liters of breath. Minnich admitted that he had been drinking at home earlier that day before driving his SUV.

The State charged Minnich with operating a vehicle while intoxicated endangering a person, as a Class D felony, and operating a vehicle with an ACE of .15 or more, as a Class A misdemeanor. The State also filed notice of intent to seek habitual substance offender status. Prior to trial, the State dismissed the Class D felony charge. At trial, the State argued that because the chemical breath test was administered to Minnich within three hours after he was found at the accident scene, "we assume that the test reflects what his [ACE] was at the time he drove." Transcript at 296. And the State presented testimony by Dr. Scott Kriger that, because the chemical test was administered within that time frame, "the result at the time of the measurement is considered to be equivalent to the actual blood alcohol at the time of the incident." Id. at 273. But the jury was not instructed regarding any presumption related to the timing of the chemical test.

The jury found Minnich guilty of operating a vehicle with an ACE of .15 or more, as a Class A misdemeanor. Minnich then admitted that he had a previous conviction of operating a motor vehicle while intoxicated, which enhanced his conviction to a Class D felony under Indiana Code Section 9-30-5-3. And Minnich admitted to being an habitual substance offender. The trial court entered judgment of conviction accordingly and sentenced Minnich to six years executed. This appeal ensued.

## DISCUSSION AND DECISION

Indiana Code Section 9-30-6-15(b) provides:

3

If, in prosecution for an offense under IC 9-30-5 [Operating a Vehicle While Intoxicated], evidence establishes that:

(1) a chemical test was performed on a test sample taken from the person charged with the offense within the period of time allowed for testing under section 2 of this chapter; and

(2) the person charged with the offense had an alcohol concentration equivalent to at least eight-hundredths (0.08) gram of alcohol per:

(A) one hundred (100) milliliters of the person's blood at the time the test sample was taken; or

(B) two hundred ten (210) liters of the person's breath;

the trier of fact shall presume that the person charged with the offense had an alcohol concentration equivalent to at least eight-hundredths (0.08) gram of alcohol per one hundred (100) milliliters of the person's blood or per two hundred ten (210) liters of the person's breath at the time the person operated the vehicle. However, this presumption is rebuttable.

And Indiana Code Section 9-30-6-2 provides in relevant part that a chemical test for intoxication administered under Chapter 6 must be administered within three hours after a law enforcement officer had probable cause to believe that a person committed an offense under IC 9-30-5 or IC 9-30-15.

Here, there is no dispute that police administered a chemical breath test on Minnich well within the statutory three-hour window. But Minnich maintains that the trial court should have instructed the jury regarding the statutory rebuttable presumption that applies to the results of that chemical test. Minnich concedes that he did not proffer any instruction on the rebuttable presumption, and he made no objection to the trial court's failure to sua sponte instruct the jury on the presumption. Accordingly, Minnich contends that the trial court committed fundamental error when it did not so instruct the jury. To be fundamental, the error must be "a substantial blatant violation of basic

4

principles that renders a trial unfair to a defendant. Fundamental error must be so prejudicial to the rights of the defendant as to make a fair trial impossible." Geiger v. State, 721 N.E.2d 891, 895 (Ind. Ct. App. 1999) (citation omitted).

While the trial court did not instruct the jury regarding the rebuttable presumption, the State presented evidence and argument regarding the presumption. In particular, in response to a question about "a standard or a required time period in which a [chemical breath] test must be administered in order to be valid," Dr. Kriger testified:

> There's a per se statute that, and I don't know the legal terms or I can't explain it to you verbatim, but what it means is if the result is collected within three hours of the incident, the result at the time of the measurement is considered to be equivalent to the actual blood alcohol at the time of the incident.

Transcript at 272-73. During closing argument, the Prosecutor stated:

> We know that within an hour and a half of driving, the defendant tested .21 gram of alcohol per 210 liters of his breath. We know that the presumption, as discussed by Dr. Kriger, is that within three hours, as long as he's tested within three hours, we assume that the test reflects what his alcohol concentration equivalent was at the time he drove.
> * * *
> And again, as long as he's tested within three hours of driving, we can presume that that was the result at the time he drove.

Id. at 295-97. And during rebuttal argument, the Prosecutor stated: "The officer was certified. The instrument was certified. It's an accurate test. The defendant tested within three hours of operating that vehicle. And so after hearing this evidence, I ask that you find the defendant guilty as charged." Id. at 304. Minnich did not present any evidence to rebut the presumption created by the State's evidence.

In essence, Minnich contends that the State's evidence and argument erroneously led the jurors to believe that the presumption was mandatory. In support of his

5

contention that the trial court committed fundamental error when it did not instruct the jury on the rebuttable presumption, Minnich maintains that

> [t]he potential for harm to Minnich's right to a fair trial was substantial. All of the evidence of Minnich's breath alcohol level at the time he was driving was circumstantial. Instead of being properly instructed that it was free to accept or reject the statutory presumption establishing an element of the offense, the jury at Minnich's trial was led to believe that the statutory presumption was both mandatory and conclusive. This error denied Minnich a procedural opportunity for the ascertainment of truth. The jury was not bound to find that Minnich's breath alcohol level was the same when he was driving as it was when he gave a breath sample.

Brief of Appellant at 8-9 (citation omitted).

> But as the State points out, the trial court instructed the jury as follows:

> Under the Constitution of Indiana you have the right to determine both the law and the facts. The Court's instructions are your best source in determining the law.
> * * *
> You are the exclusive judges of the evidence, which may be either witness testimony or exhibits. In considering the evidence, it is your duty to decide the value you give to the exhibits you receive and the testimony you hear.
> * * *
> Statements made by the attorneys are not evidence.

Appellant's App. at 315-27. Thus, the jury was properly instructed that it was free to determine what, if any, value to give to Dr. Kriger's testimony, and that the Prosecutor's argument alluding to the statutory presumption was not evidence. And the trial court properly instructed the jury regarding the elements of the offense charged and the State's burden of proof. Minnich cannot show that he was denied a fair trial. We hold that the trial court did not commit fundamental error when it did not instruct the jury regarding the rebuttable presumption found in Indiana Code Section 9-30-6-15(b). See, e.g., Wright v. State, 730 N.E.2d 713, 717 (Ind. 2000) (holding fundamental error does not

6

occur even when the trial judge gives the jurors a relatively strong directive on the question of the defendant's guilt, so long as the court also tells them the elements of the offense and reminds them that they are the judges of both law and fact).

Affirmed.

MATHIAS, J., and BROWN, J., concur.